# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ANGELICA IVANA MULDROW, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action No.** |
| v. | ) | **1:22-cv-554-TCB** |
| | ) | |
| EZ E-FILE TAX PREPARERS, INC. and | ) | |
| AJEENAH CRITTENDON, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER AND JUDGMENT

Vj ku"o cwvgt"cr r gevgf "dghqtg"yj g"Eqwtv"qp"O ctej "44."4244"cv"4<52"r 0 0 0'qp" yj g"o qvkqp"]4_"qh"Cpi gnec"Kkcpc"O wftqy "uggmkpi "r tgnko kpct{"kplwpevkqp"ci ckpuv' E\ "G/Hkng" Vcz" Rtgr ctgtø." Kpe0' *öG\ " G/Hkngö+" cpf " Clggpcj " Etkvvgpfqp" r wtuwcpv' vq"Twngu"87*c+*4+."cu"r gt "Qtfgt "qh"yj ku"Eqwtv"]Fqe0'9_"vq"tgs wktg"Fghgpfcpvu"vq" eqttgev'Hqto u"]32; ; "yj cv'Fghgpfcpvu'hkngf "ci ckpuv'O u0'O wftqy "vq"tghngev'c"&2022" dcncpeg'r ckf "d{ "Fghgpfcpvu'vq"O u0'O wftqy 0

Qp"rkpg": "qh'Fghgpfcpvø'Cpuy gt']Fqe0'8_"Fghgpfcpvu'cf o kv'yj cv'E\ "G/Hkng" hkngf "yj g"hktuv'Hqto "32; ; "kp"Lcpwct{ "qh'4244."encko kpi "yj cv'yj g"dcuku"hqt"yj ku"hknkpi

---

[a] Y kj kp" j gt" qtki kpcn'Eqo r nckpv' ]3_" O u0' O wftqy " cmgi gf " yj cv' E\ " G/Hkng" j cf " kuuwgf "c"ukpi ng"kpeqttgev'Hqto "32; ; ."yj qy gxgt." y kj kp" j gt" Co gpfgf "Eqo r nckpv' ]Fqe0' _"O u0'O wftqy "cmgi gf "yj cv'O u0'Etkvvgpfqp"j cf "kuuwgf "c"ugeqpf "kpeqttgev' Hqto "32; ; 0

was that Ms. Muldrow had caused $320,660.00 of damage to Defendants for "fraudulent, harassing, [and] defaming actions." This is not a basis for the issuance of a Form 1099. To hold so would allow potentially aggrieved parties to skip litigation and judgment in favor of simply assigning arbitrary values to Forms 1099 without due process whatsoever.

## I.    *Standard of Review.*

The Court considers four factors when deciding whether to issue a preliminary injunction pursuant to Rule 65:  (1) whether there is a substantial likelihood of success on the merits; (2) whether the preliminary injunction is necessary to prevent irreparable injury; (3) whether the threatened injury outweighs the harm that the preliminary injunction would cause to the non-movant; and (4) whether the preliminary injunction would be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001). Injunctive relief is an extraordinary and drastic remedy and should not be granted unless the movant clearly established the burden of persuasion as to each of these four factors. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). The discretion to grant a preliminary injunction is within the broad discretion of the District Court. *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 902 (11th Cir. 1984).

## II.   *Analysis*.

This Court finds sufficient basis to grant injunctive relief.

First, the Court finds that Ms. Muldrow has a substantial likelihood of succeeding in proving that Defendants issued two fraudulent Forms 1099-MISC to Ms. Muldrow.  Defendants admit that EZ E-File issued a Form 1099-MISC to Ms. Muldrow in the amount of $320,660.00 within their Answer and the reasons given for issuance do not form a basis for issuance of a Form 1099-MISC.  It is therefore quite likely that Ms. Muldrow will be able to show that Ms. Crittendon also issued the second Form 1099-MISC alleging income in the amount of $29,470.00 without basis as well.

Second, Ms. Muldrow will be irreparably harmed if corrected Forms 1099-MISC are not issued to her.  While purely economic injuries typically do not constitute irreparable harm for purposes of injunctive relief, *See BellSouth Telecomms., Inc. v. MCIMetro Access Transmission Servs., LLC*, 425 F.3d 964, 970 (11th Cir. 2005), courts have found that losses associated with fraudulent tax filings may support a finding of irreparable harm, *See United States v. Stinson*, 239 F. Supp. 3d 1299, 1325 (M.D. Fla. 2017).  Moreover, Ms. Muldrow's potential injury is not only economic in nature as the false tax filing may cause her to suffer significant administrative hardship with the relevant governing tax authorities.  *See*

3

*Abdo v. IRS*, 176 F. Supp. 2d 495, 497-98 (M.D.N.C. 2001) (finding that the IRS would suffer irreparable harm if the Court did not enjoin the non-movant from filing fraudulent taxes because the IRS would "be required to devote substantial resources to" dealing with the false filings).

Third, the Court finds that the threatened injury to Ms. Muldrow outweighs the harm that the injunctive relief would cause Defendants. If Defendants are allowed to maintain the false Forms 1099-MISC, then Ms. Muldrow will be exposed to both an erroneously increased tax liability, but also to potential issues, including improper audit examination, with the relevant governing tax authorities. The harm to Defendants, on the other hand, would relate to requiring them to correct their tax filings. As Ms. Muldrow notes, requiring Defendants *not* to file fraudulent tax documents is not a significant harm. *See Abdo*, 176 F. Supp. 2d at 498 (finding that prohibiting non-movant from making false tax filings would not significantly harm non-movant).

Finally, the Court finds that entering the injunctive relief is not adverse to the public interest because requiring parties to file factually correct tax documents does not harm the public. *United States v. Stinson*, 661 F. App'x 945, 953-54 (11th Cir. 2016) (finding that public interest considerations favored requiring non-movant not to file false tax returns).

4

Because Ms. Muldrow has satisfied all four requirements to receive injunctive relief, the Court Grants Ms. Muldrow's Motion.

For the foregoing reasons, and following the oral argument at hearing before this Court on March 22, 2022 at 2:30 p.m., and for good cause shown, Plaintiff's Motion [2] for a Preliminary Injunction is hereby GRANTED. Pursuant to Rule 65, and until further order of the Court, the Court ENJOINS and RESTRAINS Defendants from filing any incorrect Forms 1099 with the IRS. The Court ORDERS Defendants to provide Ms. Muldrow, within two days, with corrected Forms 1099-MISC to reflect $0.00 of payments to Ms. Muldrow for the 2021 tax year. The Court ORDERS that any violation of the term(s) of this Order will be punishable by contempt and other appropriate relief that this Court finds just and proper.

The Court also hereby enters judgment against Defendant Ajeenah Crittendon, pursuant to 26 U.S.C. § 7434(b), in the amount of $5,000. The Clerk is directed to close this case.

IT IS SO ORDERED, this 22nd day of March, 2022.

_____
Timothy C. Batten, Sr.,
Chief United States District Judge